Gene Edward WILLIAMS,
Plaintiff–Appellant,

v.

Nathan R. CASH–C.O.I., Kenneth Averette–C.O.I., J.D. White, Warden, West Jefferson Corr. Facility; Alabama Department of Corrections, Defendants–Appellees.

No. 87–7122
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 1988.

Jack M. Curtis, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before HILL, FAY and CLARK, Circuit Judges.

PER CURIAM:

Gene Williams appeals the district court's grant of summary judgment in favor of all defendants on his 42 U.S.C. § 1983 claim. We affirm in part, reverse in part, and remand the case for trial as to two of the defendants.

I. BACKGROUND

Williams, a state prisoner, filed suit in federal court seeking damages against prison guards Nathan Cash and Kenneth

Averette, the warden of West Jefferson Correctional Facility, and the Alabama Department of Corrections. He alleged the following facts. On the morning of February 24, 1986, Cash ordered Williams to make his bed and clean his cell. Williams responded that he was being moved from the cell and there was no reason for him to make the bed or clean up. Cash left the cell and told the cubicle officer not to allow Williams to leave. Williams' cell mate asked the cubicle officer to open the cell, and the cubicle officer did so. Williams left the cell, went into the day room, and sat on a bench. Cash then returned with Averette and ordered Williams to return to his cell. Williams refused and Cash and Averette then attempted to force Williams back to his cell. After subduing Williams, Averette purposely broke Williams' arm. Record, Tab 1 at 3–4.

The case was referred to a magistrate, who ordered the defendants to file a special report in lieu of an answer. Record, Tab 3 at 1. The magistrate's order for a special report mentioned that the special report, if submitted under oath or with affidavits, might be considered as a motion for summary judgment, and invited Williams to file any counter-affidavits he wished. *Id.* at 2.

The defendants submitted a special report and several supporting affidavits. The affidavits recited the following facts. Cash ordered Williams to clean his cell and make his bed. When Williams told Cash that he was going to be moved, Cash left Williams' cell and asked the shift commander if there were any plans to move Williams to a different cell. After being told that Williams was not scheduled to be moved, Cash returned to Williams' cell, informed Williams that he was not being moved, and gave him a direct order to clean his cell. Williams refused to do as instructed. Cash then told Williams that he would remain in his cell until it was clean. When Cash returned about half an hour later, Williams had left his cell and was sitting on a bench in the day room. Williams' cell had not been cleaned. Cash ordered Williams back into his cell, but Williams refused. Cash reported to his superiors, and was ordered to return Williams to his

cell. Cash and Averette attempted to remove Williams from the bench by force, and Williams resisted. As they were struggling, Williams fell off of the bench and there was a popping sound. Williams continued to struggle until Sergeant Robert Esco entered the room. Williams ceased struggling and told Esco that his arm was broken. Williams was then taken to the hospital and treated for a broken elbow. Record, Tab 4, Exh. A at 1–2.

Williams then filed a counter-affidavit that essentially repeated the facts alleged in the complaint. Record, Tabs 5 & 6. Based on these two responses to his order for a special report, the magistrate recommended that the district court grant summary judgment in favor of the defendants. Record, Tab 8 at 1. The magistrate reasoned that the warden was entitled to summary judgment because Williams had failed to allege any facts indicating either the warden's personal involvement or his establishment of a policy resulting in a deprivation of Williams' constitutional rights. *Id.* at 5. Regarding the claims against Cash and Averette, the magistrate characterized the facts as "undisputed" and reasoned that the guards were clearly justified in using force to return Williams to his cell. *Id.* at 8. He concluded that although it was unfortunate that Williams' arm was broken during the struggle, Williams' constitutional rights had not been violated. The magistrate made no mention of Williams' claim against the Department of Corrections. The district court granted summary judgment in favor of all defendants. Record, Tab 16.

## II. DISCUSSION

On appeal, Williams argues that the prison guards deliberately and maliciously broke his arm in violation of his constitutional rights. The defendants argue that the magistrate's findings were not clearly erroneous.

### A. *Cash and Averette*

In *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), in dis-

cussing that prison brutality is a proper subject for Eighth Amendment scrutiny, the Court stated: "Even so, the protection afforded by the Eighth Amendment is limited. After incarceration, only the '"unnecessary and wanton infliction of pain,"' constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Id.* at 669–70, 97 S.Ct. at 1411–12 (citation omitted). If the parties' affidavits created a genuine issue of material fact as to whether Cash and Averette inflicted pain wantonly and unnecessarily, summary judgment should not have been entered.

 The magistrate erred in concluding that the "basic facts in this case are not in conflict." Record, Tab 8 at 2. Williams alleges that Cash and Averette deliberately broke his elbow after he had ceased to resist their efforts to return him to his cell. Cash and Averette, on the other hand, allege that Williams' elbow was broken during the struggle to return Williams to his cell. Because there is a genuine issue of material fact as to how Williams' elbow was broken, summary judgment was inappropriate. *See* Fed.R.Civ.P. 56(e); *see also Perry v. Thompson,* 786 F.2d 1093 (11th Cir.1986) (where prisoner claiming excessive use of force alleged that prison guards took him to prison barber shop to have him shaved with a razor and beat him, and guards filed affidavits stating that prisoner had been shaved with a clipper without incident and that prisoner's medical records showed no complaint of injury on the day of the alleged beating, issue of material fact regarding what took place precluded grant of summary judgment).

### B. *The Warden and the Department of Corrections*

 It is axiomatic that § 1983 "will not support a claim based on a *respondeat superior* theory of liability." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Williams did not allege that Cash and Averette were implementing a policy or practice estab-

lished by the prison warden or the Department of Corrections or that a history of widespread abuse or improper behavior put the warden or the Department of Corrections on notice of the need to take corrective action. *See generally Fundiller v. City of Cooper City,* 777 F.2d 1436 (11th Cir.1985). Thus, the district court properly granted summary judgment in favor of these two defendants.

### III. CONCLUSION

The summary judgment in favor of Cash and Averette is reversed and the summary judgment in favor of the warden and the Department of Corrections is affirmed. On remand, Williams will be entitled to prove his allegations against Cash and Averette at a trial.[1]

AFFIRMED in part, REVERSED and REMANDED in part.

---

**1.** Given our disposition of this appeal, Williams' motion to reopen the case in the district court is moot.