**Columbus BROWN, a/k/a Lenwood Johnson, Plaintiff–Appellant,**

**v.**

**Fred CRAWFORD, director of Dade County Jail, Defendant–Appellee.**

No. 89–5927.

United States Court of Appeals, Eleventh Circuit.

July 24, 1990.

Steven Wisotsky, Ft. Lauderdale, Fla., for plaintiff-appellant.

Eric K. Gressman, Dade County Atty., Miami, Fla., for defendant-appellee.

Before FAY and JOHNSON, Circuit Judges, and FLOYD R. GIBSON *, Senior Circuit Judge.

FAY, Circuit Judge:

In this civil rights action, the pro se inmate alleges that he received contaminated drinking water and was forced to sleep on the floor. The district court granted the prison director's summary judgment motion because it concluded that the inmate failed to establish a causal connection between the objectionable conditions and an act or omission by the prison director. Because the inmate has not shown a genuine issue of material fact under summary judgment standards following the prison director's factual explanation, we affirm.

## I. BACKGROUND

Pursuant to 42 U.S.C. section 1983, appellant/inmate Columbus Brown filed his first *in forma pauperis*, civil rights complaint on November 26, 1986, against appellee Fred Crawford, director of Dade County Jail in Miami, Florida. Brown alleged that sleeping on the floor because of prison overcrowding had caused his back and neck pains and that the jail drinking water had caused his headaches and stomach pains. The district court subsequently dismissed this complaint based upon the magistrate's recommendation and information that Brown had been released from Dade County Jail and had left no forwarding address.

On December 15, 1987, Brown, still confined at Dade County Jail, filed a second section 1983 complaint with the same alle-

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

gations.[1]  He requested that Crawford pay him $50,000.00 and all of his medical bills. Thereafter, Crawford moved for summary judgment contending that Brown had failed to establish a causal connection between the conditions about which he complained and his ailments, and that there had been no notice by Brown to jail officials of these objectionable conditions.

Attached to Crawford's summary judgment motion is an affidavit by Jerry Meece, director of operations at the Corrections and Rehabilitation Department of Metropolitan Dade County. Meece avers that he had reviewed Brown's file and found no complaints or notice of medical problems related to the drinking water or sleeping on the floor. At the time of Brown's complaints, Meece states that the drinking water at Dade County Jail came from the City of Miami. Furthermore, officials at Dade County Jail were not notified of any problem with the drinking water by Brown or any other inmate.

Meece also attests that all prisoners at Dade County Jail are issued either a mattress or a bed. To Meece's knowledge, Brown was issued a mattress by Dade County Jail officials. Meece states that Crawford had no direct responsibility over distributing mattresses or for the drinking water at Dade County Jail.

In response to Crawford's motion for summary judgment, Brown filed an unsworn statement and affidavit by a fellow inmate. Brown's statement reiterates that his back and neck pains resulted from sleeping on the floor of the Dade County Jail and that the drinking water, "even though supplied by the City of Miami," was contaminated and had caused his stomach cramps and headaches. R1–20. Among the listed reasons for holding Crawford responsible, Brown claims that "[t]he defendant is to make sure that all inmates have a bed, which was not done." *Id.* The fellow inmate's affidavit represents that he as well as Brown slept on the floor and verifies Brown's back, neck, headache, and stomach pains.

The district court granted Crawford's summary judgment motion and found that Brown had failed to establish a causal connection between the conditions about which he complained and any act or omission by Crawford. On appeal, Brown contests the district court's granting summary judgment to Crawford because he claims that there is a question of fact concerning the existence of a policy or custom of problematic drinking water and sleeping conditions at Dade County Jail. Brown challenges Crawford's responsibility in his official and personal capacity for these objectionable conditions about which he complains. We, therefore, must determine whether or not the district court erred in granting summary judgment to a supervisory official in a section 1983 action, when that official did not cause or know about the alleged constitutional deprivations.

## II. ANALYSIS

■  This court reviews a district court's grant of summary judgment *de novo*, and we apply the same legal standards "that should have been applied by the district court." *Hiram Walker & Sons, Inc. v. Kirk Line*, 877 F.2d 1508, 1513 (11th Cir. 1989); *Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1021–22 (11th Cir. 1988). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). After adequate time for discovery, the Supreme Court has held that summary judgment is mandatory against a party failing to show the existence of an element essential to the proof of its case at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■  The Court has instructed that "the substantive law will identify which facts are material" and that the trial judge,

---

**1.**  A subsequent magistrate's report explains that confusion in the jail records regarding Brown's release may have occurred because Brown used two names.

ruling on a summary judgment motion, must evaluate the evidence presented by the substantive evidentiary burden. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 254, 106 S.Ct. 2505, 2510, 2513, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the burden of establishing the absence of a genuine issue of material fact. 477 U.S. at 256, 106 S.Ct. at 2514; *Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1318 (11th Cir.1990). When a motion for summary judgment has been made properly, the non-moving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(c), (e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Although we must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, we hold that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam); *Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir.1988) (per curiam); *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir.1979).

■ Under summary judgment standards and procedure, Brown has failed to demonstrate the most basic factor in countering a summary judgment motion: he has not shown a genuine issue of fact material to his allegations of unclean drinking water and sleeping on the floor. Meece's affidavit, filed with Crawford's summary judgment motion, states that the drinking water at the Dade County Jail is supplied by the City of Miami; therefore, Brown received the same water that all Miami residents drank. In his responding statement, Brown concedes that the drinking water about which he complained came from the City of Miami, but contends that it was the source of his stomach cramps and headaches. Brown has not submitted a doctor's diagnosis or any medical evidence supporting his allegations that the City of Miami drinking water at Dade County Jail caused his stomach pains and headaches. Furthermore, Dade County Jail officials received no complaints regarding the drinking water from Brown or any other inmate. We, therefore, conclude that Brown's allegation of contaminated drinking water at Dade County Jail is unsubstantiated and completely speculative.

■ We also find that Brown's allegation regarding sleeping on the floor is meritless. Meece's affidavit states that each prisoner at Dade County Jail is issued a mattress *or* a bed and that he knows that Brown was issued a mattress. Significantly, Brown's responding statement alleges that Crawford is responsible for providing all inmates with a *bed*. Brown does not argue or represent that he did not have a mattress, and that allegation is not made by the supporting affidavit of his fellow inmate. Additionally, Brown gives no diagnosis or medical evidence whatsoever that his back and neck pains were caused from sleeping on the floor, apparently on a mattress. Meece's affidavit asserts that Brown's file at Dade County Jail shows no complaints or notice of medical problems associated with sleeping on the floor.

Brown simply has not presented any evidence to rebut the explanation regarding the drinking water and sleeping conditions at Dade County Jail in order to create a genuine issue of material fact warranting trial.[2] *See* Fed.R.Civ.P. 56(c), (e). Further-

---

**2.** *Cf. Barfield v. Brierton*, 883 F.2d 923 (11th Cir.1989) (Inmate, who alleged that he had been repeatedly attacked physically and assaulted sexually without requested medical attention thereafter and who so testified by deposition, presented a genuine issue of material fact, when prison officials' affidavits represented that he had ongoing medical care, including a month in an infirmary cell.); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir.1988) (Inmate, who was suffering from Agent Orange disease with extensive hospital and medical records, presented a

more, the controlling substantive law shows that Brown's factual claims are not material. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *see* Fed.R.Civ.P. 56(c). We explicate this lack of materiality by reviewing the law regarding any potential liability that Crawford, the jail supervisor, could have to Brown, a prisoner.

■■■ "It is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior." *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir.1986) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)); *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Williams v. Cash*, 836 F.2d 1318, 1320 (11th Cir.1988) (per curiam); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir.1985); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir.1981) (per curiam), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988) (per curiam); *H.C. by Hewett*, 786 F.2d at 1086–87; *Fundiller*, 777 F.2d at 1443; *Wilson v. Attaway*, 757 F.2d 1227, 1241 (11th Cir.1985). The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *See Clark v. Evans*, 840 F.2d 876, 885 (11th Cir.1988) (per curiam); *Fundiller*, 777 F.2d at 1443; *Wilson*, 757 F.2d at 1241. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. *Compare Clark*, 840 F.2d at 885 ("[I]t is clear that four cases [alleging a prison policy of disregarding committal orders by state court judges] in four years would have been insufficient to put Evans [commissioner of the Department of Corrections] on notice, especially since the record is clear that such matters were handled at lower administrative levels and would not have come to the attention of Evans.") *with Holland v. Connors*, 491 F.2d 539, 541 (5th Cir.1974) (per curiam) (The former Fifth Circuit vacated and remanded for factual development the district court's dismissal of a prisoner's section 1983 complaint alleging that the prison superintendent "was legally responsible for these acts of his subordinates, despite the fact that the Superintendent was not present during the illegal questioning, because such practices were so widespread and had been standard procedure at the institution for so long that he was or must have been aware of them.").

■■ In this case, Brown has not claimed that Crawford personally was involved in his alleged receipt of dirty drinking water or sleeping on the floor. *Cf. H.C. by Hewett*, 786 F.2d at 1087 (By throwing a juvenile detainee against the wall and metal bunk in an isolation cell and subsequently denying the detainee's immediate pleas for medical attention, the detention superintendent's actions implicated him personally.). Although Crawford had no direct responsibility for the drinking water or distributing mattresses at Dade County Jail, a causal connection could be established by a widespread history of infested drinking water at Dade County Jail and inmates' sleeping on the floor without mattresses sufficient to notify him of these objectionable conditions.

Meece's affidavit clarifies that Brown's file reveals no complaints concerning the drinking water or sleeping on the floor.

genuine issue of material fact regarding deliberate indifference by prison officials to his serious medical needs, when lesions and open pustules on his legs were not treated as specifically directed in his medical records.); *Slay v. Alabama*, 636 F.2d 1045 (5th Cir. Unit B Feb. 1981) (Inmate, who was diabetic and in constant need of treatment for that condition, raised a genuine issue of material fact regarding prison officials' failure to provide proper and adequate medical attention, particularly when the prison officials' affidavits accompanying the summary judgment motion did not address the deprivation of medical checkups.).

Furthermore, he attests that jail officials were not notified of problems with the drinking water by any inmate. The unclean drinking water issue is unfounded legally as well as factually because there was no widespread history of dirty drinking water at Dade County Jail to place Crawford on notice.

Regarding sleeping conditions, Meece explains that all inmates are issued mattresses or beds and that Brown received a mattress. Neither Brown nor his fellow inmate claims that he slept on the floor without a mattress. There is no evidence of complaints concerning sleeping on the floor without a mattress by any inmate. Moreover, this circuit has held that sleeping on a mattress on the floor or on a table is not necessarily a constitutional violation, where there is no evidence that such conditions are imposed arbitrarily.[3] *Hamm v. De-Kalb County*, 774 F.2d 1567, 1575 (11th Cir.1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). Brown has failed to raise a constitutional deprivation or to allege arbitrariness regarding his sleeping conditions. *See Williams*, 836 F.2d at 1320.

Thus, no viable argument can be made that there was a widespread history of substandard drinking water or sleeping conditions at Dade County Jail, and there is

no evidence that Crawford, or any prison official, had knowledge of Brown's complaints. *See Clark*, 840 F.2d at 885; *Fundiller*, 777 F.2d at 1443; *Wilson*, 757 F.2d at 1242; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir.1979). Brown's initial, dismissed complaint is not notice, as he urges, because the reiteration of isolated, unsupported allegations does not constitute a widespread history of the alleged constitutional deprivations recognized by section 1983 as a causal connection constituting notice. *Clark*, 840 F.2d at 885; *see Fundiller*, 777 F.2d at 1443; *Wilson*, 757 F.2d at 1241.

Accordingly, we conclude that Brown has no factual or legal basis under summary judgment standards to preclude granting summary judgment to Crawford; the judgment of the district court is AFFIRMED.

JOHNSON, Circuit Judge, dissenting:

I dissent. The majority has reached an issue that was not developed by the district court and thereby has cut short this litigation involving potentially serious Eighth Amendment violations. I would hold that the district court erred in failing to construe the plaintiff's *pro se* complaint liberally to include a claim against Crawford in his official capacity and would remand the case to the district court for consideration of the official capacity claim.

---

**3.** Brown's complaint regarding sleeping on a mattress on the floor is the antithesis of a former Fifth Circuit case, where all manner of intolerable and unconstitutional conditions existed in the prison, including gross overcrowding, racial segregation, violence, confinement of pretrial detainees indiscriminately with convicted persons, constant exposure to contagious illnesses, imposition of punishment without disciplinary proceedings, and mail censorship in violation of the First Amendment. *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. Jan.) (en banc), *cert. granted*, 452 U.S. 959, 101 S.Ct. 3106, 69 L.Ed.2d 970, *cert. amended*, 453 U.S. 911, 101 S.Ct. 3141, 69 L.Ed.2d 993, *cert. dismissed*, 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981). Explaining its role in reviewing these conditions, the court stated: "In determining whether conditions of confinement are unconstitutional under the eighth amendment or the fourteenth amendment, we do not assay separately each of the institutional practices but look to the totality of conditions. Our task is limited to enforcing constitutional standards rather than assuming superintendence of jail administration." *Id.* at

1368. Applying this constitutional review standard to the Jackson County Jail in Pascagoula, Mississippi, the court found that soiled mattresses on which inmates slept on the floor or on tables were only one aspect of the cumulatively deplorable conditions in the jail:

> Mattresses, at least at the start of the suit, were allowed to become filthy. Prisoners often slept on mattresses laid on the floor or on tables in the day room. Under the crowded conditions the jail was stifling in the summer. Diet, while minimally adequate, consisted mainly of starches and was not balanced. There was no outdoor exercise. Prisoners who did not wish their bodies to waste away could only do push-ups in the crowded corridors or packed cells.

> The combined impact of these conditions made confinement in the Jackson County jail of any prisoner cruel and unusual punishment and the confinement of pretrial detainees punishment per se.

*Id.* at 1374. It is evident that Brown's complaints are inapposite to those in *Jones*.

## ANALYSIS

A municipality, as an entity, may be held liable under section 1983 where the municipality causes an employee to violate another's constitutional rights under color of some official policy or custom. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986). An action is taken pursuant to municipal policy where the municipality's authorized decisionmakers make the decision to adopt the particular course of action. *Pembaur*, 475 U.S. at 481, 106 S.Ct. at 1299; *see also Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir.1989).

Courts must construe *pro se* complaints more liberally than they would formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Thomas v. Georgia State Bd. of Pardons and Paroles*, 881 F.2d 1032, 1033 (11th Cir.1989). Federal Rule of Civil Procedure 8(f), moreover, provides that federal courts should construe all pleadings to do substantial justice.

Construing the plaintiff's *pro se* complaint liberally, *Haines*, 404 U.S. at 520, 92 S.Ct. at 595, it is apparent that the plaintiff's complaint was directed, at least in part, against Dade County. The caption of the complaint states that the defendant is "FRED CRAWFORD, DIRECTOR COUNTY JAIL." In *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), the Supreme Court found that an action was brought against a municipal officer in his official capacity where the caption of the complaint named as the defendant "E. Winslow Chapman, Director of Police," and later proceedings[1] made clear that the plaintiffs intended to file an official capacity suit.[2] *Id.* at 471, 105 S.Ct. at 877; *see also Parker v. Williams*, 862 F.2d 1471,

1475 (11th Cir.1989). The *Brandon* Court also held that an official capacity suit is just another way of pleading a cause of action against the entity of which the officer is an agent. *Brandon*, 469 U.S. at 472 & n. 21, 105 S.Ct. at 878 & n. 21. Accordingly, the district court in the present case erred in narrowly construing the complaint as simply against Crawford in his individual capacity. The district court should have construed the complaint as naming Crawford in his official capacity, and thus as naming Dade County.

Rather than reverse and remand the case on this basis, however, the majority goes on to address the merits of the plaintiff's complaint. Even though the parties did not present any evidence on the issue of whether the conditions of the plaintiff's confinement violated the Eighth Amendment, the majority finds that the plaintiff's allegations regarding sleeping on the floor are meritless. Given the undeveloped state of the record on the Eighth Amendment issue, the majority is premature in ruling on the merits of the claim. *See Sheley v. Dugger*, 833 F.2d 1420, 1429–30 (11th Cir.1987); *Mullinax v. McElhenney*, 817 F.2d 711, 717 n. 4 (11th Cir.1987); *cf. Cooper v. State Farm Mut. Ins. Co.*, 849 F.2d 496, 499 (11th Cir.1988) (Court of Appeals may uphold a district court's grant of summary judgment on alternate grounds if the record supports the alternate grounds).

The plaintiff maintains that he has been sleeping on the floor of a cell for over a year. One of his cellmates, Arrington Rolle, presented an affidavit stating that Rolle and the plaintiff were forced to sleep on the floor of their cellblock due to overcrowding. The issue under the Eighth Amendment is whether the overall conditions of the jail involve wanton and unnecessary infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct.

---

1. The plaintiff's briefs before this Court, which apparently are his first court submissions prepared with the assistance of counsel, argue strenuously that the plaintiff intended to name Crawford in his official capacity.

2. The Supreme Court also stated that the plaintiffs could amend their pleadings to conform to the evidence under Fed.R.Civ.P. 15(b), even at the appeals stage. *Brandon*, 469 U.S. at 471 & n. 19, 105 S.Ct. at 877 & n. 19.

2392, 2399, 69 L.Ed.2d 59 (1981); *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). The plaintiff should have an opportunity to prove that this apparently serious overcrowding in Dade County Jail renders the conditions there violative of the Eighth Amendment. Because the majority has reached beyond the issue developed by the district court, prematurely terminating the plaintiff's case, the plaintiff will be unable to address this serious issue.