[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14974
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cv-00151-CDL

WILLIAM ALLEN ARNOLD,

Plaintiff-Appellant,

versus

COLUMBUS, GEORGIA,
City of, a municipal corporation,
MUSCOGEE COUNTY, GEORGIA,
a municipal corporation,
STATE OF GEORGIA,
a federal corporation,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 26, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

William Allen Arnold appeals the judgment of the district court dismissing his complaint as amended on alternative grounds: (1) Arnold failed to comply with a court order; (2) the complaint failed to state a claim for relief.

The district court explained why it dismissed the complaint on the first ground thusly:

> The Court ordered Plaintiff to comply with Federal Rule of Civil Procedure 8 and provide 'a short and plain statement of each claim showing that he is entitled to relief.' The Court gave Plaintiff specific guidance on how to cure the deficiencies in his original Complaint, and the Court warned Plaintiff that failure to comply with the Order could result in dismissal of his Complaint. Plaintiff did not cure the deficiencies; instead, he made his claims even more difficult to discern. Moreover, Plaintiff made it clear that it would be futile for the Court to order him to restate his Complaint once again. The Court already ordered Plaintiff to set forth a short and plain statement of each claim showing that he is entitled to relief; instead of complying with that Order, Plaintiff filed a 209-page Amended Complaint that does not elucidate his claims in the slightest. Because Plaintiff failed to comply with the Court's Order to cure the deficiencies in his original Complaint—and because ordering Plaintiff to restate his Complaint again would do no good—the Court finds that dismissal of Plaintiff's action is warranted.

Order, September 29, 2010.

We review a district court's dismissal for failure to comply with a court order for abuse of discretion. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Discretion means that the district court

may act within a "range of choice," and that we will not disturb its decision as long as it "stays within that range and is not influenced by any mistake of law." *Id.* (citation omitted). "[D]ismissal upon disregard of an order, especially where [,as here,] the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (citations omitted) (dismissing *pro se* plaintiff's complaint with prejudice when plaintiff "stubbornly violated" a sanction order). A *pro se* complaint is held to less stringent standards than pleadings drafted by attorneys, but the *pro se* litigant is not excused from complying with the relevant rules of substantive law and procedure. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *see Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

We find no abuse of discretion in the district court's dismissal of Arnold's complaint, as amended.

AFFIRMED.