[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10208
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00058-WS-B

MICHAEL GABRIEL HAWK,

Plaintiff - Appellant,

versus

SEAN KLAETSCH, et al.,

Defendants,

TRENT ROBINSON,
MAYOR PETE WOLFE, III,
JAMES SIMPSON,
CITY OF EVERGREEN, AL,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 27, 2013)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Gabriel Hawk appeals the district court's grant of summary judgment in favor of the City of Evergreen, Alabama (City) and its police chief James Simpson. For the reasons that follow, we affirm the district court's grant of summary judgment in favor of the City and Simpson.

## I.  BACKGROUND

According to Hawk's amended complaint, he was arrested in October 2010 by Officer Sean Klaetsch, who tasered him without reason. During Hawk's detention in the county jail, multiple inmates assaulted him, telling him that "Klaetsch said to indoctrinate you into jail life." Hawk sued eight defendants, including Klaetsch, the City, and Simpson. Klaetsch[1] and five other defendants were eventually dropped from the complaint, along with most of the complaint's counts, leaving only the City and Simpson as defendants, and only Counts VI and VII. Count VI asserts that Simpson violated 42 U.S.C. § 1983 through a deliberate indifference to the lack of training and supervision of Klaetsch, which caused Hawk to be deprived of his due process rights. Count VII asserts that the City violated § 1983 by carrying out a policy or custom of deliberate indifference that caused the deprivation of Hawk's constitutional rights. The City and Simpson

---

[1] Hawk filed a motion to dismiss Klaetsch with prejudice after Klaetsch filed a petition in bankruptcy court.

moved for summary judgment on the two counts, which the district court granted. This appeal followed.

## II.  ANALYSIS

"We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party."  *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1267 (11th Cir. 2001) (per curiam).  We address the district court's grant of summary judgment on Counts VI and VII in turn.

Count VI essentially asserts a theory of supervisory liability on the part of Simpson, Klaetsch's supervisor.  One way to establish supervisory liability in a § 1983 case is to show a causal connection between the injury and a history of widespread abuse that has put the "responsible supervisor on notice of the need to correct the alleged deprivation," and the supervisor's failure to do so.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks omitted). To show widespread abuse, the plaintiff must point to examples that are "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

Hawk points to five incidents that he claims establish a history of widespread abuse: (1) a 2006 complaint from Steven Cobb that, during a traffic stop, Klaetsch "stomped him in his back, put his knee in his back, pulled his arms, bumped his head on the ground, pulled his hair, and then shoved his hand in the

3

ground"; (2) an August 2009 complaint from Chris Askew that Klaetsch violated two minors' Fourth and Fifth Amendment rights during a robbery investigation; (3) a 2009 complaint from Courtney Woods alleging that Klaetsch searched her vehicle and bag in violation of the Fourth Amendment; (4) another 2009 complaint from Robert Riley that Klaetsch needlessly threatened to tase him during an arrest; and (5) a 2010 complaint by Christopher Lowery that Klaetsch needlessly pulled him to the ground, put his knee in Lowery's back, and threatened to tase him.

We agree with the district court that the allegedly unconstitutional search of Woods's car in 2009 and the August 2009 investigations into a robbery have no bearing on Hawke's excessive force claims, because neither involve the use of force. We are left, then, with three incidents prior to Hawk's arrest that demonstrate the exercise of force by Klaetsch. We fail to see how three incidents over the span of nearly five years can constitute frequent, widespread, or rampant abuse. *See Brown*, 906 F.2d at 671. Moreover, our caselaw indicates that the force employed in the three incidents would constitute de minimis force rather than excessive force.[2] To be clear, we do not condone the actions—should they be

---

[2] Only two of the incidents cited by Hawk involve tasers, and none of them recount the actual tasing of an arrestee. And although all three incidents recount aggressive arrests by Klaetsch, this circuit requires something more to transform aggressive force into excessive force. *See, e.g.*, *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002) (holding that where an officer "grabbed plaintiff's arm, twisted it around plaintiff's back, jerking it up high to the shoulder" and then handcuffing the plaintiff "as plaintiff fell to his knees screaming" did not constitute excessive force); *Nolin v. Isbell*, 207 F.3d 1253, 1256–57 (11th Cir. 2000) (holding that where an officer threw an arrestee against a van, kneed him in the back, pushed his head into

4

true—taken by Klaetsch during the arrest and detention of Hawk.  Yet Klaetsch is not the party sought to be held liable here.  The question before us is whether Simpson turned a blind eye to rampant and widespread abuse.  From the record before us, we cannot say that he did.  Accordingly, the district court's grant of summary judgment in favor of Simpson on Count VI is due to be affirmed.

We next turn to Count VII, where Hawk seeks to hold the City liable under § 1983 ratification theory.  To do so, Hawk must show a "persistent failure to take disciplinary action against officers" who use excessive force, which "can give rise to the inference that a municipality has ratified conduct, thereby establishing a 'custom' within the meaning of *Monell* [*v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978)]."  *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985).  The problem with Hawk's argument, as noted above, is that he cannot point to a widespread practice of excessive force to begin with.  Without that, his contention that the City deliberately ignored an unconstitutional custom or policy has been cut off at the knees.  *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001) (discussing § 1983 liability for a municipality based on "governmental 'custom'").  Therefore, the district court's grant of summary judgment on Count VII is also due to be affirmed.

---

the side of a van, and searched his groin area in an uncomfortable manner, such force was de minimis force); *Jones v. City of Dothan*, 121 F.3d 1456, 1458 (11th Cir. 1997) (per curiam) (holding that slamming plaintiff against a wall and kicking his legs apart constituted de minimis).

For the reasons stated above, the judgment of the district court is affirmed.

**AFFIRMED**.