**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13002
Non-Argument Calendar
_____

TONNIE NEALY,

*Plaintiff-Appellant,*

*versus*

MELINDA MASTERS,
    Facility Director, Florida Civil Commitment Center,
JON CARNER,
    Assistant Facility Director,
DOCTOR LEE,
    FCCC Medical Doctor,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00123-JES-KCD
_____

Before ABUDU, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Tonnie Nealy, a civil detainee of the Florida Civil Commitment Center ("FCCC"), appeals *pro se* from the district court's grant of summary judgment in favor of defendants Melinda Masters, Jon Carner, and Dr. Yen Le (collectively, "the FCCC defendants") on his claims of deliberate indifference to his serious medical needs. Nealy argues that the district court improperly weighed the FCCC defendants' evidence and incorrectly found that Nealy received competent care for his chronic knee, shoulder, and ear pain. He also asserts that the district court applied the incorrect legal standard when assessing his claims. Having reviewed the record and read the parties' briefs, we affirm the district court's order granting summary judgment to the FCCC defendants.

**I.**

We review a district court's ruling on a motion for summary judgment *de novo*, viewing all evidence in the light most favorable to the non-moving party. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). Summary judgment is appropriate if the movant can establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Ellis*, 432 F.3d at 1325-26 (quoting *Mize v. Jefferson Cnty. Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996)).

Although a *pro se* party's pleadings are liberally construed, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Likewise, "mere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." *Ellis*, 432 F.3d at 1327.

## II.

When a convicted prisoner alleges that officials acted with deliberate indifference to his serious medical needs, he proceeds under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Gilmore v. Hodges*, 738 F.3d 266, 271 (11th Cir. 2013). However, when a civilly committed detainee brings such a claim, he does so under the Due Process Clause of the Fourteenth Amendment. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "[T]hose who have been involuntarily civilly committed are due a higher standard of care than those who have been criminally committed, since the conditions of confinement for the criminally committed are designed to punish, but those of the civilly committed are not." *Id.* at 912 (citation modified). We have stated that because the "Fourteenth Amendment substantive-due-process rights are at least equivalent to the comparable Eighth Amendment rights of those incarcerated," such violations under the Eighth Amendment would "undoubtedly" constitute violations under the

Fourteenth Amendment's higher standard for civil detainees. *Id.* at 915 (citation modified).

Unlike the deliberate indifference standard applied for prisoner claims, a "professional judgment" standard is employed to evaluate civilly committed individuals' claims, which requires the individual's liberty interest to be balanced against the state facility's reason for restricting their liberty. *Id.* at 912. Under the professional judgment standard, decisions made by a detention center's professionals are "presumptively valid," and liability only attaches when there is "such a substantial departure from accepted professional judgment, practice, or standards that it shows that the employee did not, in fact, make the decision based on sound professional judgment." *Bilal*, 981 F.3d at 912 (citation modified). We have recognized that the FCCC is a facility that is required under Florida law to be secure and serve a rehabilitative purpose. *Pesci v. Budz*, 730 F.3d 1291, 1299 (11th Cir. 2013). We have further determined that the FCCC staff is "best equipped to make difficult decisions regarding the administration of the facility in keeping with these obligations." *Id.* (citation modified).

To prevail on a claim of deliberate indifference to a serious medical need in violation of the Fourteenth Amendment, a plaintiff must show: "(1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (citation modified). "A serious medical need is one that has been diagnosed by a physician as mandating

treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gilmore*, 738 F.3d at 274 (citation modified). To prove that an official acted with deliberate indifference, the plaintiff must show that the official (1) had subjective knowledge of a risk of serious harm, (2) disregarded the risk, and (3) "acted with subjective recklessness as used in the criminal law." *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (*en banc*) (citation modified).

Deliberate indifference to serious medical needs can include "(1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016), *abrogated on other grounds by*, *Wade*, 106 F.4th 1251. Courts are hesitant to conclude that a doctor was deliberately indifferent when the plaintiff received medical care. *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989). A mere difference in medical opinion does not constitute deliberate indifference. *Id.* at 1033.

Deliberate indifference in the form of an unreasonable delay is cognizable when officials delay treatment for life-threatening emergencies, but also in "situations where it is apparent that delay would detrimentally exacerbate the medical problem." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks omitted), *abrogated on other grounds by*, *Hope v. Pelzer*, 536 U.S. 730 (2002). Ultimately, however, a plaintiff "who complains that delay in medical treatment rose to a constitutional violation

must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* at 1188. The length of delay in providing medical care "depends on the nature of the medical need and the reason for the delay." *Id.* (citation modified).

The record demonstrates that, though the district court applied the incorrect deliberate indifference standard when it should have applied the professional judgment standard, its error was harmless. The record supports the district court's finding that Nealy did not demonstrate a genuine issue of material fact as to the care he received for his serious medical needs. The district court's finding that the FCCC defendants were not deliberately indifferent to Nealy's serious medical needs established that there was no doubt that Nealy's rights were not violated. *See Bilal*, 981 F.3d at 915. The FCCC defendants presented numerous exhibits regarding the medical care Nealy received. Nealy failed to rebut specifically the affidavits and medical records offered by the FCCC defendants or provide medical records indicating that any delay in his treatments exacerbated his chronic pains.

Specifically, contrary to Nealy's assertions, the record indicates that he did not experience an unreasonable delay in receiving clearance for his knee surgery. The medical records indicate that outside specialists saw Nealy at least 14 times between April 2022 and January 2024, and that Nealy's knee surgery was postponed because Nealy had cardiac issues that the doctor wanted resolved before performing Nealy's knee surgery. Additionally, Nealy's claim

that he experienced unreasonable delays in receiving treatment for his shoulder pain is unsupported by the record. The FCCC defendants presented unrefuted exhibits showing that Nealy received multiple medical visits and treatments for his chronic shoulder pain. The medical records also refute Nealy's claim that he experienced unreasonable delay in the treatment of his chronic ear pain. Nealy provides no evidence to contradict these records, rather he gives conclusory statements and self-serving allegations, which do not establish a genuine dispute of material facts. *See Ellis*, 432 F.3d at 1327.

We conclude that, although the district court applied the incorrect standard when it analyzed Nealy's claims, the district court did not err in finding that Nealy failed to establish a genuine issue of material fact as to his three serious medical needs. Nealy failed to specifically rebut the affidavits and medical records submitted by the FCCC defendants, which indicated that Nealy received consultations and treatments for his knee, shoulder, and ear pain by both FCCC medical staff and outside specialists. Nealy also failed to provide medical records indicating that any delay on the part of the FCCC defendants in treating Nealy's condition exacerbated his chronic pain.

Accordingly, based on the aforementioned reasons, we affirm the district court's grant of summary judgment for the FCCC defendants on Nealy's claim of deliberate indifference to serious medical needs.

**AFFIRMED.**