[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2007
THOMAS K. KAHN
CLERK

No. 06-11565

_____

D. C. Docket No. 04-00151 CV-WCO-2

KEVIN DALE, individually and as the next
friend and natural parent and natural guardian of
M.D., a minor child, ABBY DALE, individually
and as the next friend and natural parent and natural
guardian of M.D., a minor, BRYAN CARLYLE,
individually and as the next friend and natural parent
and natural guardian of A.C., a minor child, LISA J.
CARLYLE,individually and as the next friend
and natural parent and natural guardian of A.C., a minor child,

Plaintiffs-Appellees,

versus

WHITE COUNTY, GEORGIA SCHOOL DISTRICT,
WHITE COUNTY, GEORGIA BOARD OF EDUCATION,
DONNA ALLEGOOD, ROGER FITZPATRICK,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 27, 2007)**

Before BLACK and PRYOR, Circuit Judges, and LIMBAUGH,[*] District Judge.

PER CURIAM:

## I. BACKGROUND

Kevin and Abby Dale and Bryan and Lisa Carlyle, individually and on behalf of their minor daughters, (Plaintiffs) sued White County School District, White County Board of Education, Donna Allegood, and Roger Fitzpatrick (Defendants) for various claims including violations of 42 U.S.C. § 1983 and 20 U.S.C. § 1681 (Title IX). The suit arises from Plaintiffs' allegations that White County School District teacher Joey Wilson molested their daughters while the girls were students in his class. At the time the conduct occurred, Allegood was the Principal of the school and Fitzpatrick was the Assistant Principal.

The district court granted Defendants summary judgment on several claims and denied them summary judgment on others. Allegood and Fitzpatrick now appeal the district court's denial of summary judgment on the § 1983 claims and White County School District and White County School Board appeal the denial of summary judgment on the Title IX claim.[1]

---

[*] Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1] In a May 23, 2006 order, a panel of this Court determined this Court has jurisdiction over the interlocutory appeals of Allegood and Fitzpatrick based on their defense of qualified immunity. It also found this Court has pendent appellate jurisdiction over the interlocutory

## II. DISCUSSION

We review the district court's denial of summary judgment *de novo*, applying the same legal standard as the district court. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A motion for summary judgment is granted if, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the nonmoving party has failed to make a sufficient showing of an essential element in its case. *Id.*

Plaintiffs allege their daughters were molested by their fifth-grade teacher, Wilson, while they were students at a White County school. They assert the Principal and Assistant Principal are liable for violations of the students' constitutional rights to bodily integrity under supervisory liability, and the school district is liable for violations of Title IX. They contend Allegood and Fitzpatrick responded with deliberate indifference to incidents that should have put them on notice of Wilson's improper conduct. Plaintiffs claim White County School District is liable under Title IX for the deliberate indifference of an official who had the authority to correct the harassment.

---

appeal of White County School District. On July 27, 2006, this Court denied White County School District permission to immediately appeal the district court's denial of its motion for summary judgment on Plaintiff's § 1983 claim based on the school district's alleged failure to train officials. In this interlocutory appeal we do not have jurisdiction over the § 1983 claim against White County School District, and therefore it remains in the district court.

A.      § 1983 claims against Allegood and Fitzpatrick

Plaintiffs assert liability under § 1983 based on allegations Allegood and Fitzpatrick had notice Wilson was a danger to students and responded with deliberate indifference.  Allegood and Fitzpatrick assert (1) qualified immunity protects them from liability, (2) they did not have notice Wilson would sexually molest a child, and (3) their response to any incidents regarding Wilson did not amount to deliberate indifference.

Qualified immunity protects government officials performing discretionary functions from civil liability.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).  Whether an official is entitled to qualified immunity is a two-step inquiry: (1) whether the facts alleged show the officer's conduct violated a constitutional right, and (2) whether that right was clearly established.  *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).

Viewing the evidence in the light most favorable to the Plaintiffs, we assume Wilson violated the constitutional rights of Plaintiffs' daughters.  Allegood and Fitzpatrick did not personally molest the students; therefore the issue in this case is whether the school district and its officials are liable for Wilson's conduct under supervisory liability.

Supervisory officials may not be held liable under § 1983 for the acts of their subordinates under a theory of respondeat superior or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). However, even if a supervisor did not personally perpetrate the violation, supervisors may be held liable under § 1983 for constitutional violations of their subordinates when a supervisor "personally participates" in the constitutional violation or when there is a "causal connection" between the supervising official's acts and the constitutional deprivation alleged. *Id.* at 1269. A party can establish a causal connection in several ways. First, a party can show a supervisor should have been on notice of the need to correct unconstitutional conduct by "a history of widespread abuse" that is "obvious, flagrant, rampant and of continued duration." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). "A causal connection can also be established by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). In addition, a plaintiff can show a supervisor imposed an improper custom or policy that constituted deliberate indifference to constitutional rights. *Hartley*, 193 F.3d at 1269.

Plaintiffs do not allege Allegood or Fitzpatrick personally participated in the violation and have failed to show a causal connection supporting supervisory liability. The facts alleged do not show either defendant (1) had notice Wilson was a threat to students through a history of obvious, flagrant, and widespread abuse of students by Wilson, (2) knew Wilson would abuse students and failed to stop him, or (3) instituted an improper custom or policy that resulted in deliberate indifference to students' constitutional rights. We conclude Allegood and Fitzpatrick are not liable for the alleged constitutional violations under a theory of supervisory liability.

Since we find there was no constitutional violation on the part of these defendants under the first prong of the qualified immunity analysis, we do not reach the question of whether the violation was clearly established. Allegood and Fitzpatrick are entitled to qualified immunity under these circumstances.

B.    Title IX Claims against White County School District

Plaintiffs assert White County School District is liable for violating their daughters' rights under Title IX for discrimination on the basis of sex. School districts may be liable under Title IX for a teacher's sexual harassment of a student when "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately

6

indifferent to, the teacher's misconduct." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277, 118 S. Ct. 1989, 1993 (1998). "A school district must have actual notice before it can be held liable in damages for intentional discrimination based on sex." *Davis v. DeKalb County Sch. Dist.*, 233 F.3d 1367, 1372 (11th Cir. 2000). Deliberate indifference "is an official decision . . . not to remedy the violation" or a refusal to take action to comply with Title IX. *Gebser*, 524 U.S. at 290, 118 S. Ct. at 1999. "[T]he relevant inquiry is not whether the measures taken were effective in stopping discrimination, but whether the school district's actions amounted to deliberate indifference." *Sauls v. Pierce County Sch. Dist.*, 399 F.3d 1279, 1285 (11th Cir. 2005).

Plaintiffs allege Allegood was a supervisory official with authority to take corrective action on behalf of the school district. Assuming she was such an official, we previously determined that the evidence does not support the claim that Allegood had actual notice that Wilson was molesting students. Therefore, White County School District is not liable under Title IX for any discrimination Wilson may have committed.

### III. CONCLUSION

We conclude that Allegood and Fitzpatrick are not liable on Plaintiffs' § 1983 claims because they are entitled to qualified immunity, and White County

School District is not liable on Plaintiffs' Title IX claims. Therefore, we reverse the district court's denial of Allegood and Fitzpatrick's motion for summary judgment on the § 1983 claims and the denial of White County School District's motion for summary judgment on the Title IX claims. We remand to the district court for entry of judgment consistent with this opinion for Allegood, Fitzpatrick, White County School District, and White County Board of Education.

**REVERSED AND REMANDED.**