[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14228
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20009-CV-PAS

M.D. DOUGLAS E. NALLS,
Sui Juris,

Plaintiff-Appellant,

versus

COLEMAN LOW FEDERAL INSTITUTION,
Unknown Correctional Officer, Unknown Medical
Officers, Warden and Administrative Personnel,
BUREAU OF PRISONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2009)

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Douglas E. Nalls, M.D., proceeding *pro se*, appeals the district court's order granting the defendants' motion for summary judgment and denying his motion for summary judgment as to his *Bivens*[1] action. On appeal, Nalls raises two issues: (1) the district court was not authorized to convert the defendants' motion to dismiss into a motion for summary judgment, and (2) the district court erred by granting summary judgment to the defendants on Nalls's *Bivens* claim for lack of subject matter jurisdiction. We address each issue in turn. After review, we affirm in part and reverse and remand in part.[2]

## I.

Nalls contends the district court erred by converting the defendants' motion to dismiss into a motion for summary judgment based on Federal Tort Claims Act (FTCA) claim forms attached to the defendants' motion to dismiss. Nalls argues he filed a *Bivens* action, not a FTCA claim, and thus the extrinsic evidence was irrelevant and should not have been considered.

_____

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S. Ct. 1999 (1971).

[2] We also grant Nalls's motion for leave to file reply brief out of time.

When matters outside the pleadings are presented to and not excluded by the district court in a Federal Rule of Civil Procedure 12(b)(6) motion, the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d).

The defendants attached three exhibits to their motion to dismiss, and, as a result, the district court was authorized to convert the defendants' motion to dismiss into a motion for summary judgment.

## II.

Nalls next argues the district court erred by granting summary judgment to the defendants on his *Bivens* action for lack of subject matter jurisdiction. The district court dismissed the *Bivens* claims against the United States and the Bureau of Prisons based on sovereign immunity. It also dismissed the *Bivens* claims against an unknown correctional officer, unknown medical officers, and the warden and administrative personnel of Coleman Low Federal Institution, concluding Nalls's complaint gave no indication of his intention to sue these defendants in their individual capacities and *Bivens* claims were not applicable to federal officers sued in their official capacities.

3

Nalls contends the district court held him, as a *pro se* plaintiff, to the standard of a bar licensed attorney and erred by failing to instruct him on how to amend his pleadings to state a claim upon which relief may be granted. He maintains the government cannot assert sovereign immunity as a defense to a *Bivens* action, because sovereign immunity was not at issue in *Bivens*, and his factual allegations sufficiently show a violation of his constitutional rights authorizing the district court to address his complaint.

We review *de novo* a district court's grant of summary judgment. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In making this determination, we 'view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant.'" *Skop*, 485 F.3d at 1136 (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004)).

The availability of a cause of action against federal officials in their individual capacities for violations of federal constitutional rights was established in *Bivens*, 91 S. Ct. at 2004–05. *Bivens* claims can be brought against federal officers in their individual capacities only; they do not apply to federal officers

4

acting in their official capacities. *See Corr. Servs. Corp. v. Malesko*, 122 S. Ct. 515, 521–22 (2001). Moreover, *Bivens* does not extend to allow causes of action against federal agencies. *F.D.I.C. v. Meyer*, 114 S. Ct. 996, 1005–06 (1994).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Although we show leniency to *pro se* litigants, we will not serve as de facto counsel or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

As an initial matter, the district court lacked subject matter jurisdiction over Nalls's claims against the Bureau of Prisons because *Bivens* does not extend to federal agencies, *see Meyer*, 114 S. Ct. at 1005–06, and against the United States because it is "immune to suit," *see Bivens*, 91 S. Ct. at 2012 (Harlan, J., concurring in the judgment). Accordingly, the district court did not err by granting summary judgment to the Bureau of Prisons and the United States.

5

The district court, however, erroneously granted summary judgment to the individual defendants because they are not entitled to sovereign immunity. Nalls never asserted in his complaint whether he brought his claims against federal officials in their official capacities. The district court thus failed to liberally construe Nalls's complaint in his favor when it read the complaint to be a *Bivens* action against federal officials in their official capacities. If the district court had liberally construed Nalls's complaint, it would have found his claims to be against the individual defendants in their individual capacities to conform to his *Bivens* claim. *See Tannenbaum*, 148 F.3d at 1263. Accordingly, the district court had subject matter jurisdiction over Nalls's claims against the unknown correctional officer, the unknown medical officers, and the warden and administrative personnel.

Because sovereign immunity applies to the Bureau of Prisons, as a federal agency, and to the United States, we affirm the district court's grant of summary judgment in favor of those parties. The district court, however, erred by granting summary judgment to the unknown correctional officer, the unknown medical officers, and the warden and administrative personnel because the court failed to liberally construe Nalls's complaint to be against the federal officers in their

6

individual capacities.   Accordingly, we reverse the district court's grant of summary judgment in favor of the individual defendants.

**AFFIRMED in part; REVERSED and REMANDED in part.**