[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10488
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-21560-JAL


HARSH SHARMA,
MD MBBS, et al.,

                    Plaintiff - Appellant,

versus

SUSAN JOHNSTON,
DOH, BOM, et al.,
FLORIDA BOARD OF MEDICINE,

                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 4, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Harsh Sharma, a medical doctor who had his license revoked by the Florida Board of Medicine, part of the Florida Department of Health, appeals pro se the district court's grant of summary judgment in favor of the Appellees on Sharma's civil rights complaint filed pursuant to 42 U.S.C. § 1983.  The Board revoked Sharma's license as the result of three separate administrative complaints.  Sharma alleged that he did not receive due process in that he never received notice of the administrative proceedings against him.  After reviewing the briefs and record on appeal, we affirm.

We begin by dispensing with a jurisdictional argument raised by Appellees on appeal.  Appellees contend that the district court lacked jurisdiction to consider Sharma's complaint under the *Rooker-Feldman* doctrine[1] because Sharma previously raised his due process concerns in his direct appeal of the administrative adjudication filed in Florida state court.

Jurisdictional questions may be raised at any point during litigation, and we review them de novo.  *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).    Under the *Rooker-Feldman* doctrine, where a state-court judgment has been issued prior to the commencement of a federal action, the district court lacks jurisdiction to review complaints seeking district court review of the state-court judgment.  *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir.

---

[1] This doctrine derives from *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

2009). More specifically, the doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings." *Id.* at 1274 (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85, 125 S. Ct. 1517, 1521–22 (2005)).

We decline to apply the *Rooker-Feldman* doctrine here because Sharma does not argue that a state-court judgment caused him harm. Instead, Sharma's complaint in the federal district court—like the state-court action—alleged that a state agency deprived him of a property interest without due process. The mere re-litigation of a claim does not deprive a federal court of jurisdiction under *Rooker-Feldman*. *See Nicholson*, 558 F.3d at 1273–74. Therefore, the district court had jurisdiction to hear Sharma's complaint. We now turn to Sharma's argument that the district court erred in granting summary judgment in favor of Appellees.

We review the district court's grant of summary judgment de novo, considering all the evidence in the light most favorable to the non-movant. *OSI, Inc. v. United States*, 525 F.3d 1294, 1297 (11th Cir. 2008). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). Pro se litigants are not excused from the burden of establishing that there

3

exists a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Unsupported allegations and statements in affidavits based on information and belief cannot raise genuine issues of fact. *Ellis v. Englan*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam). Unsworn statements may likewise not be considered when evaluating a summary judgment motion. *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003).

"A Section 1983 procedural due process claim requires a plaintiff to prove three elements: (1) deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (internal quotation marks omitted). Due process entitles an individual to notice and some form of hearing before state action may deprive him of a property interest. *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).

In support of their motion for summary judgment, Appellees presented evidence that they had attempted to serve Sharma personally with notice of the three administrative complaints, and that thereafter they had served notice of all three via publication. They also presented evidence that Sharma filed a counseled appeal in Florida state court from the administrative action. Sharma presents no evidence to the contrary. His "affidavits" were not properly sworn, nor were they

4

made in accordance with 28 U.S.C. § 1746.  Therefore, the district court did not err in granting Appellees' motion for summary judgment, and we affirm.[2]

**AFFIRMED.**

---

[2] Because, on the merits, summary judgment was appropriate as to all claims against all defendants, we need not consider Appellees' alternative arguments that summary judgment was proper on the basis of absolute or qualified immunity. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (noting that we may affirm summary judgment on any ground supported by the record).