[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13782
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-21779-JEM

KEVIN BRENNAN,

Plaintiff-Appellant,

versus

MAURICIO L. ALDAZABAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 13, 2019)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Brennan, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his legal-malpractice suit with prejudice under 28 U.S.C. § 1915(e)(2)(B), on the basis that his complaint was frivolous.

We review a district court's *sua sponte* dismissal of an *in forma pauperis* ("IFP") complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) for an abuse of discretion. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (internal quotations omitted).

*Pro se* pleadings are held to a less strict standard than counseled pleadings, and are liberally construed. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). We read briefs filed by *pro se* litigants liberally. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

When a plaintiff in a federal suit moves for leave to proceed IFP, the district court must "screen" his complaint under 28 U.S.C. § 1915(e). The district court shall dismiss an IFP complaint at any time if it determines that the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is without arguable merit either in law or fact. *Napier*, 314 F.3d at 531.  The Supreme Court has stated that frivolous claims include claims "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Netizke v. Williams*, 490 U.S. 319 (1989).  A determination of frivolity is best left to the district court, and the decision will not be disturbed so long as the district court stays within its range of choice and is not influenced by any mistake of law. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Betty K Agencies, LTD v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005).

Brennan has not shown that the district court abused its discretion by dismissing his complaint as frivolous.  First, the district court reasonably concluded that, in the instant complaint, he was attempting to circumvent a filing injunction order entered in his prior 28 U.S.C. § 2255 action, which prohibited him from filing any additional pleadings or motions in or arising from his criminal convictions without permission from the district court.  Although the instant complaint sought money damages rather than invalidation of his convictions or sentence, it nevertheless arose from his criminal case and § 2255 action.  Secondly, in the instant complaint, Brennan reasserted many of the same ineffective-assistance-of-counsel arguments that he unsuccessfully asserted in both his

3

criminal case and § 2555 action, and as such, it was reasonable for the district court to conclude that the instant complaint was frivolous.  Accordingly, we affirm.

**AFFIRMED.**