[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11017
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cv-01077-MMH-PDB

TIMOTHY C. VISAGE,

Plaintiff-Appellant,

versus

R. E. WOODALL,
individually and in his/her official capacity,
C. FISHER,
individually and in his/her official capacity,
C.O.I. JONES,
individually and in his/her official capacity,
E. CREWS,
individually and in his/her official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 2, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Timothy Visage, a Florida prisoner proceeding pro se, appeals from the district court's grant of summary judgment in favor of prison officials Emory Crews, Christopher Fischer, Melody Jones, and Ronnie Woodall (collectively "defendants") on Visage's claims of deliberate indifference to unsafe prison conditions and delayed medical treatment in violation of the Eighth Amendment. On appeal, Visage argues that the district court erred in granting summary judgment to the prison officials on his deliberate-indifference claims. After careful review, we affirm.

We review the grant of summary judgment de novo, applying the same legal standards as the district court. Brown v. Crawford, 906 F.2d 667, 669 (11th Cir. 1990). The question is whether the evidence, when viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. Id. A district court cannot consider hearsay in support of summary judgment unless that hearsay statement can be "reduced to admissible form." Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-94 (11th Cir. 2012). While we interpret pro se briefs liberally, we deem an issue abandoned if a pro se party completely fails to brief the issue on appeal. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

First, we are unpersuaded by Visage's argument that the district court erred in granting summary judgment to the prison officials on his claim of deliberate indifference to unsafe prison conditions in violation of the Eighth Amendment.[1]  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  To prevail on an Eighth Amendment claim based on prison officials' failure to prevent harm, "the inmate must [first] show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994).   Showing a substantial risk of serious harm requires the prisoner to provide evidence that there was a "strong likelihood" of his injury occurring.  Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015) (quotations omitted).  The occurrence of the prisoner's injury, alone, is not enough to show a substantial risk of serious harm, nor is the mere possibility of injury.  Id. at 1301-02.  There is no substantial risk of serious harm if a "perfect storm of events" was necessary for the injury to occur.  Id. at 1303 (quotations omitted).

---

[1] When a constitutional provision "provides an explicit textual source of constitutional protection," the claim must be analyzed under that explicit provision and not as a substantive due process claim. County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) (quotation omitted).  Thus, Visage's claim is properly analyzed under the Eighth Amendment and not substantive due process. Id.  Nor, moreover, do we analyze his claim under the Fourteenth Amendment because he is a convicted criminal and not a pretrial detainee. Jacoby v. Baldwin Cty., 835 F.3d 1338, 1344 (11th Cir. 2016) ("While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of the Fourteenth Amendment.").

If an inmate shows a substantial risk of serious harm, he must then show that prison officials acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834 (quotations omitted). Deliberate indifference is "something more than mere negligence" but also "something less than acts or omissions for the very purpose of causing harm." Id. at 835; see also Whitley v. Albers, 475 U.S. 312, 319 (1986) (requiring more than the "ordinary lack of due care for the prisoner's interests or safety"). Prison officials are deliberately indifferent when they "know[] of and disregard[] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he very fact that the risk was obvious" may be sufficient to show knowledge of the risk. Id. at 842. However, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

Thus, the occasional or isolated injury does not constitute an Eighth Amendment violation if the prisoner cannot show that prison officials knew of a substantial risk that the injury might occur. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1319-21 (11th Cir. 2005). This is because, as we've stressed, "a prison custodian is not the guarantor of a prisoner's safety." Id. at 1321 (quotations omitted). For example, a prison official does not act with deliberate indifference if he "accidentally stepped on a prisoner's toe and broke it." Wilson v. Seiter, 501 U.S. 294, 300 (1991) (alteration and quotations omitted). But

a prison official does act with deliberate indifference if he knows of, and ignores, a "constant threat" of injury. Purcell, 400 F.3d at 1321 (quotations omitted).

To impose supervisory liability, a prisoner must show a "causal connection" between the prison official's conduct and the injury. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To show this causal connection, the prisoner must show that there was "a history of widespread abuse" that put the supervising official "on notice of the need to correct the alleged deprivation." Id. (quotations omitted).

While Visage's brief is somewhat unclear, we construe it liberally and accept that he has sufficiently challenged the district court's grant of summary judgment on his Eighth Amendment claim alleging unsafe prison conditions. Timson, 518 F.3d at 874. But even under a liberal construction, Visage has failed to show any genuine dispute of material fact to support his claim. Visage's claim stems from an incident in the prison library, where an open window slammed shut on and injured his right hand, and prison officials had failed to warn him of the known danger of falling windows. According to the summary judgment record, we assume, as the district court did, that: (1) the defendants were aware that the windows were missing safety devices; (2) there were no warning signs near the windows; and (3) another inmate had previously reported an injury from a falling window.

On this record, Visage has not sufficiently offered any facts suggesting a substantial risk of serious harm under the Eighth Amendment. Indeed, as we've

said, the mere possibility of injury is not enough to show a substantial risk of serious harm; instead, Visage was required to present evidence showing a "strong likelihood" that his injury would occur. See Brooks, 800 F.3d at 1301-02. Visage, however, has presented evidence of only one other injury over the 20-year period in which the windows were missing the safety devices. We cannot say that two instances in 20 years indicates that the library windows posed either a "constant threat" of injury or, stated differently, a substantial risk of serious harm. See id. at 1302; see also, e.g., Purcell, 400 F.3d at 1320-21 (noting that the occasional injury is not enough to show an excessive risk to safety).

In any event, even if Visage had provided sufficient evidence of a substantial risk of serious harm, he failed to present evidence sufficient to show that defendants were deliberately indifferent to that substantial risk. See Farmer, 511 U.S. at 834. To show deliberate indifference, Visage needed to present evidence that defendants had knowledge of an excessive risk to safety and that they did nothing to rectify this risk. Id. at 837. But Visage failed to present any evidence that any of the defendants knew of even a single injury caused by the prison windows. Rather, each defendant stated in their affidavit that they had no knowledge of any injury related to the prison windows, and Visage presented no evidence refuting those sworn statements. As a result, Visage failed to present evidence that prison officials knew of and ignored a substantial risk of injury. See Purcell, 400 F.3d at 1319-21.

As for Visage's supervisor-liability claim, he failed to present evidence sufficient to establish the causation necessary to impose liability on defendants Emory Crews and Ronnie Woodall. See Cottone, 326 F.3d at 1360. As we've noted, Visage provided only one instance of an injury related to falling windows, and he failed to present any evidence that Woodall or Crews knew of this incident. Thus, Visage failed to show the necessary "history of widespread abuse" sufficient to put Woodall and Crews "on notice of the need to correct the alleged deprivation." Id. (quotations omitted). Without any genuine issues of material fact as to either the unsafe-conditions claim or the supervisory liability claim, we affirm the district court's grant of summary judgment as to these issues.

As for Visage's argument that the district court erred by granting summary judgment to prison officials on his deliberate-indifference claim based on delayed medical treatment, he has abandoned it on appeal. Delayed medical treatment can rise to the level of deliberate indifference when: (1) "it is apparent that delay would detrimentally exacerbate the medical problem"; (2) the delay actually seriously exacerbates the problem; and (3) "the delay is medically unjustified." Taylor v. Adams, 221 F.3d 1254, 1259-60 (11th Cir. 2000) (quotations omitted). A prisoner must provide "verif[ied] medical evidence . . . to establish the detrimental effect of delay in medical treatment." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176,

1188 (11th Cir. 1994), overruled on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002).

Here, however, Visage has failed to raise his delayed medical treatment claim anywhere in his brief, even failing to mention the delay in his section laying out the facts of his case. So even though we read his pro se brief in the most liberal light, Visage has abandoned his claim alleging delayed medical treatment. See Timson, 518 F.3d at 874. But even if he had not abandoned this claim, Visage admitted in his deposition that any alleged delay in treatment had no detrimental effect on the extent of his injury. Without evidence of a detrimental effect, Visage cannot succeed on the merits of his delayed medical treatment claim. See Hill, 40 F.3d at 1188. Accordingly, we affirm as to this issue as well.

**AFFIRMED**.