[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12084
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-00091-TWT


AVERY LAMAR MILLER,

Plaintiff-Appellant,


versus


SHERIFF,
DEPUTY SHERIFF JOHN DOE,

Defendants-Appellees.


_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(December 17, 2013)

Before CARNES, Chief Judge, HULL and JORDAN, Circuit Judges.

PER CURIAM:

The plaintiff in this appeal, Avery Lamar Miller, is a prisoner in the custody of the State of Georgia.  Proceeding pro se, he brought this case under 42 U.S.C. § 1983 against Gwinnett County Sheriff R.L. "Butch" Conway[1] for an alleged violation of his constitutional right of access to the courts.[2]  At the close of discovery, Sheriff Conway moved for summary judgment in both his individual and official capacities, which the district court granted.  Miller now appeals.

## I.

On September 2, 2009, Miller filed a petition seeking a writ of habeas corpus in Georgia state court stemming from his October 2008 conviction for possession of cocaine.  He raised several grounds for relief in that petition, including allegations that (1) he had been illegally detained by Gwinnett County police, (2) the police had illegally searched his room without a search warrant or his consent, (3) he had received ineffective assistance of counsel, (4) he had entered his guilty plea under duress after being threatened by a Gwinnett County deputy sheriff, and (5) the prosecution had deliberately suppressed exculpatory evidence.  The State moved to dismiss Miller's petition, and he filed an objection

---

[1] Miller sued Sheriff Conway in both his individual and official capacities.

[2] The magistrate judge screening Miller's initial complaint pursuant to 28 U.S.C. § 1915A interpreted it as also asserting a violation of Miller's Eighth Amendment rights.  The magistrate judge's report and recommendation suggested that the district court should allow Miller's access-to-courts claim to proceed but dismiss his Eighth Amendment claim.  Miller did not object to the report and recommendation, and the district court adopted it.

opposing the State's motion. The state superior court held a hearing on Miller's petition on March 24, 2010.

The day before his scheduled hearing, authorities transferred Miller from Rogers State Prison to the Gwinnett County Detention Center so he could attend his hearing. When Miller arrived at the detention center, the staff took his property, searched and inventoried it, and placed it in the inmate storage unit in accordance with the center's written policy. The staff collected legal documents that Miller had brought for his hearing and placed them into storage as part of that process. The staff did not return Miller's legal documents until after his hearing, despite his repeated requests to have the materials returned.

At the beginning of the next day's hearing, Miller told the superior court that his legal materials had been taken from him the day before and were never returned. The court offered to stay the proceeding if Miller did not think he could proceed without those materials; however, Miller declined the offer and replied, "I would prefer to just go forward . . . and present what I have from my knowledge of the case." The hearing then continued and Miller presented his argument to the court. At the end of the hearing, the court denied Miller's habeas petition from the bench. It later explained that he had not met his burden because he "produced no evidence in support of his contentions."

II.

3

We review de novo a district court order granting summary judgment. Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998). Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We view all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. Rioux v. City of Atlanta, 520 F.3d 1269, 1274 (11th Cir. 2008). Although we construe pro se complaints liberally, a pro se litigant cannot sidestep his burden of putting forward evidence to establish the existence of a genuine issue of material fact in order to avoid summary judgment. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

The Constitution guarantees prisoners the right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). That right entitles an inmate to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996) (quotation marks omitted). However, "in order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). An inmate may establish an actual injury by demonstrating that officials have frustrated or impeded his efforts to pursue a nonfrivolous claim. Id. Examples of actual injuries include consequences such as

4

"missing filing deadlines or being prevented from presenting claims." Wilson, 163 F.3d at 1290 n.10.

In this case, the district court's grant of summary judgment was proper because Miller failed to establish an actual injury. Before his hearing, Miller successfully filed his state habeas petition, supplemental pleadings, discovery requests, and an objection to the State's motion to dismiss his petition. The superior court acknowledged at Miller's hearing that it had reviewed all of those documents as well as Miller's trial transcript. Miller also conceded at his hearing that he could present his arguments without his confiscated legal papers after the superior court offered to reschedule the hearing. He never suggested that he could not make a complete argument without his legal papers, and he never referenced the content of those papers during his argument at the hearing. The superior court ultimately denied his petition after concluding that Miller had "produced no evidence in support of his contentions." None of his confiscated legal papers included evidence supporting his claim of entitlement to habeas relief,[3] and therefore having them at the hearing would not have changed the outcome of the hearing. Accordingly, Miller cannot show an actual injury. See Wilson, 163 F.3d at 1290 n.10; see also Chandler v. Baird, 926 F.2d 1057, 1063 (11th Cir. 1991).

---

[3] Miller's documents included (1) discovery motions he had previously submitted to the court, which the superior court stated it had reviewed; (2) a letter he had written to District Attorney Daniel Porter alleging that a deputy sheriff had threatened him with a taser gun, which allegedly resulted in an investigation; and (3) evidence that he had tried to file criminal charges and other lawsuits against sheriff's deputies.

5

Because the district court properly concluded that Miller had failed to establish an actual injury that would give rise to a claim for denial of access to the courts, Sheriff Conway was correctly entitled to summary judgment in his individual and official capacity on Miller's § 1983 claim.

**AFFIRMED.**