[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14649
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cv-00541-MP-CAS

ROBERT HAYES,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 18, 2014)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Hayes, proceeding pro se, appeals the district court's order granting

summary judgment in favor of the Secretary ("Secretary") of the Department of

Children and Families ("DCF"), as to his claim under 42 U.S.C. § 1983.  Hayes

argues that the district court erred in granting summary judgment because the Florida Civil Commitment Center ("FCCC") staff violated his right to due process by acting arbitrarily and capriciously to impose standards of conduct for possession of property without prior notice.  After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, considering the facts and drawing reasonable inferences in the light most favorable to the non-moving party.  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

"Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002).  To prevail on a § 1983 claim, a plaintiff must show that: (1) the defendant deprived him of a right secured by the Constitution or federal law; and (2) the deprivation occurred under color of state law.  Arrington v. Cobb Cty., 139 F.3d 865, 872 (11th Cir. 1998).  The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.

2

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well established that, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276 (1986) (quotation omitted). The Eleventh Amendment also prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state treasury for the wrongful acts of the state. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). The Ex Parte Young[1] doctrine permits federal courts to entertain suits against state officers seeking prospective equitable relief to end continuing violations of federal law. McClendon v. Ga. Dept. of Comm'y Health, 261 F.3d 1252, 1256 (11th Cir. 2001). Stated another way, "official capacity suits for prospective relief to enjoin state officials from enforcing unconstitutional acts are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment." Scott v. Taylor, 405 F.3d 1251, 1255 (11th Cir. 2005). When a state officer uses the name of the state to enforce an unconstitutional act, the state officer comes into conflict

---

[1] Ex Parte Young, 209 U.S. 123 (1908).

3

with the supreme authority of the U.S. Constitution and, therefore, is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." Ex Parte Young, 209 U.S. at 159-60. We have noted that the doctrine is a legal fiction because it "creates an imaginary distinction between the state and its officers, deeming the officers to act without the state's authority, and, hence, without immunity protection, when they enforce state laws in derogation of the Constitution." Summit, 180 F.3d at 1336-37.

Section 1983 claims "may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). However, a supervisor "can be held liable for the actions of his subordinates under § 1983 if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." Am. Fed'n of Labor v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011). "A causal connection can be established if a supervisor has the ability to prevent or stop a known constitutional violation by exercising his supervisory authority and he fails to do so," id., or when "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must

4

be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id.

Here, Hayes's official capacity claim against the Secretary of DCF seeking prospective injunctive or declaratory relief for ongoing constitutional violations is not barred by the Eleventh Amendment. McClendon, 261 F.3d at 1256; Scott, 405 F.3d at 1255. However, Hayes's claim is not based on an ongoing constitutional violation committed by the Secretary, but rather by his subordinates, the members of the FCCC staff.

But Hayes has not shown that the Secretary of DCF could be liable under § 1983 based on vicarious liability or respondeat superior. Keating, 598 F.3d at 762. As the record reveals, DCF contracted with Geo Group, Inc. ("Geo") for the operation of the FCCC. The FCCC provides DCF with copies of their policies and procedures, but DCF does not approve the individual policies and procedures. Further, Hayes has not shown that the Secretary personally participated in any potential ongoing constitutional violations nor did he show that there was a causal connection between the Secretary of DCF's actions and the constitutional violations committed by the FCCC staff. Am. Fed'n of Labor, 637 F.3d at 1190. In fact, the undisputed evidence shows that the alleged violations were, at most, "isolated" instances where FCCC officials acted on their own and not in an

5

"obvious" or "widespread" manner.  Thus, the district court did not err in granting summary judgment in favor of the Secretary of DCF on Hayes's § 1983 claim.

**AFFIRMED.**