NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11385

Non-Argument Calendar

————————————

TIMOTHY SNEED,

*Plaintiff-Appellant,*

*versus*

A. ACOSTA-MARTINEZ,
  Site Medical Director,

*Defendant-Appellee,*

NAFINA LANGLEY, et al.,

*Defendants.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00126-RH-MJF

————————————

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Sneed appeals the district court's order granting Dr. Alexis Acosta-Martinez's motion for summary judgment. Sneed argues on appeal that Dr. Acosta-Martinez violated Sneed's Eighth Amendment right to adequate medical care. Specifically, he argues that there is a genuine dispute about whether he had a serious medical need and whether Dr. Acosta-Martinez was deliberately indifferent to those needs.

We review a district court's order granting summary judgment de novo, construing all evidence and drawing all reasonable inferences in favor of the non-movant. *Brown v. Crawford*, 906 F.2d 667, 669–70 (11th Cir. 1990). Summary judgment is appropriate where the record evidence "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although pro se pleadings are liberally construed, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown*, 906 F.2d at 670. A "plaintiff's testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature." *Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019) (citation modified).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. "[D]eliberate

indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation modified). To establish a claim of deliberate indifference, a plaintiff must, as a threshold matter, show that he suffered an "objectively, sufficiently serious" deprivation. *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (citation modified).

An official may act with deliberate indifference by "delaying the treatment of serious medical needs." *Ireland v. Prummell*, 53 F.4th 1274, 1288 (11th Cir. 2022) (citation modified). "But in making the determination of whether any particular delay is unconstitutional, the applicable court must consider the reason for the delay and the nature of the medical need." *Id.* (citation modified). "Delayed treatment for injuries that are of a lesser degree of immediacy than broken bones and bleeding cuts, but that are obvious serious medical needs, may also give rise to constitutional claims." *Harris v. Coweta Cnty.*, 21 F.3d 388, 394 (11th Cir. 1994). A plaintiff "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002). "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not establish an Eighth Amendment violation. *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (citation modified).

Here, the district court did not err in granting Dr. Acosta-Martinez's motion for summary judgment. There is no genuine dispute about whether Sneed's foot pain was a serious medical need because the x-rays show that Sneed's foot problems were mild. Though Sneed's declaration stated that he had severe pain, this was directly contradicted by other portions of his declaration that stated his pain radiated only "sometimes" and that his foot problems were diagnosed as "mild." Moreover, his generalized claims of pain, unsupported by record evidence, are insufficient to show a serious medical need. *See Hill*, 40 F.3d at 1187–88. Likewise, Sneed's argument that he had difficulty walking evinces mere discomfort based on mild bone spurring. Finally, Sneed failed to provide any medical evidence to support his argument that Dr. Acosta-Martinez's delay exacerbated his foot problems. *Id.* at 1188.

Because Sneed contradicted his own declarations and did not provide record evidence to support his assertions of serious medical need, a genuine dispute does not exist. The district court correctly granted Dr. Acosta-Martinez's motion for summary judgment, which we **AFFIRM**.