[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11334
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cv-00030-CDL

AMBER SPRINGER,

Plaintiff-Appellant,

versus

FIRST CALL PREGNANCY CENTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 8, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Amber Springer, proceeding pro se, appeals the district court's grant of summary judgment to First Call Pregnancy Center ("First Call") in her suit alleging employment discrimination based on her race, pregnancy, and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  She argues that the district court erred when it found that First Call employed fewer than 15 employees and thus did not qualify as an employer under Title VII.

We review de novo a district court's grant of summary judgment "viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party."  Stephens v. Mid-Continent Cas. Co., 749 F.3d 1318, 1321 (11th Cir. 2014).  Summary judgment is appropriate when the movant shows that no genuine issue of material fact exists and judgment should be granted as a matter of law.  Id.  Once the movant submits a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show that specific facts exist that create a genuine issue for trial.  Id.

Title VII prohibits an employer from intentionally discriminating against an employee based on her race, religion, sex, or pregnancy.  42 U.S.C. § 2000e-2(a)(1); see id. § 2000e(k) (clarifying that the terms "because of sex" or "on the basis of sex" include "because of or on the basis of pregnancy").  Title VII limits the definition of "employer" to entities that have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or

2

preceding calendar year."  42 U.S.C. § 2000e(b).  Only individuals who receive

compensation from an employer are considered employees under the statute.

Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1243–44 (11th Cir. 1998)

(holding that an individual who received no compensation as an officer-director

could not be considered an "employee" under Title VII).  The "employee-

numerosity requirement" is an element of a plaintiff's claim for relief, rather than a

jurisdictional issue, and the plaintiff is responsible for proving the threshold

number of employees in order for Title VII to apply.  Arbaugh v. Y&H Corp., 546

U.S. 500, 515–16, 126 S. Ct. 1235, 1245 (2006).

The district court did not err in granting First Call's motion for summary

judgment because Springer presented no evidence to show that a genuine issue of

fact existed as to how many people First Call employed.  First Call provided

affidavits and payroll records showing that it had fewer than 15 compensated

employees.  Springer provided no evidence to contradict First Call's evidence.[1]

Therefore, she failed to meet her burden to establish the existence of a genuine

---

[1] In Springer's response to First Call's motion for summary judgment, she said First Call paid her teenage sister "under the table."  However, the party opposing summary judgment must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986) (quotation marks omitted); see also Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990) (holding "that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment").  Springer's statement is not sufficient to avoid summary judgment without evidence to support it.

issue of material fact.  See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1189 (11th Cir. 2010) (per curiam) ("Once the moving party satisfies its burden, the burden of persuasion shifts to the non-moving party to establish the existence of a genuine issue of material fact.").  Springer's allegations that First Call employed at least 15 employees—without supporting facts—were not sufficient to defeat summary judgment.  See id.

Finally, Springer appears to take issue with the district court's finding that First Call's unpaid volunteers and board of directors did not constitute employees. But there was no error in the district court's finding or in its application of the law. See Llampallas, 163 F.3d at 1243.

In sum, the record shows no genuine dispute about the fact that First Call had only six paid employees.  The district court therefore properly granted summary judgment on the basis that First Call was not an employer under Title VII.

**AFFIRMED.**

4