[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11778

Non-Argument Calendar

_____

WENDALL JERMAINE HALL,

Plaintiff-Appellant,

*versus*

DONALD SAWYER,
Administrator, Florida Civil Commitment Center,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00149-SPC-MRM

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Wendell Hall is civilly committed at Florida Civil Commitment Center. He sued Donald Sawyer, FCCC's director, because Hall thought FCCC's drinking water was unsafe. The district court granted Sawyer's motion for summary judgment, and we affirm.

I

Hall has been at FCCC since October 23, 2019. He claims that, ever since he got there, the drinking water has tasted "nasty" and "foul," and has caused him health problems—including headaches, stomach pain, nausea, and diarrhea. On December 30, 2019, Hall informed Sawyer, via an official resident-communication form, that he thought the drinking water was contaminated and that it was "harmful to [his] health." Sawyer responded that Hall was "incorrect," that there was "no issue" with FCCC's water, and that the county tested the water "several times a month" to ensure it was fit to drink.

The day after Hall sent his communication to Sawyer, he filed an official grievance, again complaining that the water "in th[e] entire facility . . . is contaminated with lead[,] bacteria and other harmful toxins." That grievance was rejected as noncompliant, because Hall was not permitted to file a grievance on behalf of "everyone."

Eventually, Hall sued under 42 U.S.C. § 1983. He asserted that Sawyer had provided him unsafe and harmful drinking water in violation of his constitutional rights. Hall sought $5,000,000 in damages and injunctive relief requiring Sawyer to provide safe drinking water.

Sawyer moved for summary judgment, claiming that Hall had failed to create a genuine factual dispute as to (1) the safety of FCCC's drinking water, (2) any connection between his medical issues and the drinking water, and (3) Sawyer's subjective knowledge that the water was unsafe to drink. Hall responded with affidavits and other evidence, but to no avail—the district court granted Sawyer's motion for summary judgment. Hall appeals.

## II

### A

"Summary judgment is appropriate only if the movant"— here, Sawyer—"shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (quotation omitted); *see also* Fed. R. Civ. P. 56(a).[1] If the movant makes that showing, "the burden shifts to the nonmoving party to come

---

[1] We review a grant of summary judgment de novo, applying the same legal standards as the district court. *Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990).

forward with specific facts showing that there is a genuine issue for trial." *Shaw*, 884 F.3d at 1098 (quotation marks omitted).

Disputes are "[g]enuine" if "the evidence is such that a reasonable jury could return a verdict for the non-movant." *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005) (per curiam) (quotation omitted). And for "factual issues to be considered genuine, they must have a real basis in the record." *Id.* at 1326. "[M]ere conclusions and unsupported factual allegations," for example, are "insufficient to defeat a summary judgment motion." *Id.*

### B

Because Hall has been civilly committed—as opposed to criminally detained—his challenge to the conditions of his confinement sounds in a liberty interest rooted in the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's ban on cruel and unusual punishment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). And, although the inquiries are similar, those "who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Id.* at 321–22.

Accordingly, any actions that "would violate a prisoner's Eighth Amendment rights would also violate the due process rights of the involuntarily civilly committed." *Dolihite v. Maughon ex rel. Videon*, 74 F.3d 1027, 1041 (11th Cir. 1996). "So relevant case law in the Eighth Amendment context also serves to set forth the

contours of the due process rights of the civilly committed." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 915 (11th Cir. 2020) (quotation marks omitted).

To prevail on his § 1983 claim, Hall "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering, (2) the defendant's 'deliberate indifference' to that condition, and (3) causation." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (citations omitted). The first two elements incorporate "both an objective and a subjective showing." *Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020); *see also La-Marca*, 995 F.2d at 1535. "Under the objective component, the plaintiff must demonstrate 'a substantial risk of serious harm.'" *Swain*, 961 F.3d at 1285 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Under the subjective component, the plaintiff must prove the defendant['s] deliberate indifference to that risk of harm by making three sub-showings: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Id.* (quotation marks omitted).

A civilly committed individual—like a convicted prisoner—has a constitutional right to safe drinking water. *See Helling v. McKinney*, 509 U.S. 25, 33 (1992). But Sawyer satisfied his burden to show that there exists no genuine dispute as to any material fact relevant to that inquiry. First, he provided evidence of routine testing, which showed that FCCC's water was safe to drink. Second, he submitted an affidavit stating that he regularly consumes the water himself, demonstrating that—even if the water wasn't safe

to drink—he didn't have the required "subjective knowledge" of that fact.  The burden thus shifts back to Hall, *see Shaw*, 884 F.3d at 1098, and he can't carry it.

To be sure, Hall submitted affidavits from himself and three other civilly committed individuals at FCCC asserting that "the water is contaminated with harmful black particles, bacteria and lead and other harmful chemicals."  And an affidavit based on personal knowledge can be sufficient to oppose a motion for summary judgment.  Fed. R. Civ. P. 56(c)(4).  But even if we assume that Hall has created a genuine dispute as to the objective prong, he still can't survive summary judgment because he can't demonstrate a genuine dispute as to the subjective component.[2]

Sawyer filed an affidavit asserting that he regularly drinks the water at FCCC, and Hall fails to contest that assertion.  That eliminates any serious contention that Sawyer was subjectively aware that FCCC's water—which he drinks "every day," Def's Answer to Pl.'s First Interrogs. at 2—poses "a risk of serious harm," *Swain*, 961 F.3d at 1285 (quotation omitted).  That conclusion is only bolstered by the reports Sawyer received from the private company FCCC hired to test its water—which did not indicate that there were any abnormalities in the water supply.  In light of that uncontroverted evidence, no "reasonable jury could" conclude

---

[2] *See Rodriguez v. Sec'y for the Dep't of Corr.*, 508 F.3d 611, 620 (11th Cir. 2007) ("Because it is not necessary for us to do so, we decline to address the objective component of [plaintiff's] Eighth Amendment claim.").

21-11778                Opinion of the Court                7

that Sawyer was subjectively aware of a risk of serious harm posed by the drinking water at FCCC. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Because Hall can't carry his burden to create a factual dispute as to Sawyer's subjective knowledge of a risk of serious harm, we affirm the grant of summary judgment.

**AFFIRMED.**